945 F.2d 398
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Rufus E. THOMPSON, Plaintiff-Appellant,
v.
Anthony M. FRANK, Postmaster General (USPS-SR) Agency,
Defendant-Appellee.
 No. 90-1775.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 6, 1991.
Decided Oct. 4, 1991.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Norwood Carlton Tilley, Jr., District Judge. (CA-88-1116-G-C)
 Argued: Stephen S. Schmidly, Sr., Moser, Ogburn, Heafner, Schmidly & Wells, Ashboro, N.C., for appellant; Lori Joan Dym, Office of Labor Law, United States Postal Service, Washington, D.C., for appellee.
 On Brief: Jesse L. Butler, Assistant General Counsel, Office of Labor Law, United States Postal Service, Washington, D.C., Robert H. Edmunds, United States Attorney, Benjamin H. White, Jr., Assistant United States Attorney, Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED.
 Before DONALD RUSSELL and NIEMEYER, Circuit Judges, and JAMES B. McMILLAN, Senior United States District Judge for the Western District of North Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Rufus E. Thompson ("Thompson"), a federal postal employee, instituted this action in the United States District Court for the Middle District of North Carolina seeking monetary recovery on a Title VII complaint filed against the Postmaster General. Prior to Thompson's filing of the action in district court, a complaints examiner with the Equal Employment Opportunity Commission ("EEOC") had found that the Postal Service had discriminated against Thompson in reprisal for a prior complaint Thompson had filed with the EEOC. The complaints examiner recommended equitable relief, but not a monetary recovery. This decision was affirmed by the EEOC's Office of Review and Appeals ("ORA"). Thompson then filed this action in the district court seeking the monetary recovery that was denied by the EEOC. The district court granted summary judgment against Thompson, and Thompson appeals. Finding no error in the decision of the district court, we affirm.
 
 I.
 
 2
 Thompson, who was found by an EEOC complaints examiner to be a victim of retaliatory discrimination, has brought this appeal solely on the issue of whether he is entitled to a monetary recovery from his employer, the Postal Service, on his claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. The recovery which Thompson seeks is of a premium paid to employees to compensate them when temporary schedule changes are made on short notice. Although the schedule assignments on which Thompson's claim is based were not temporary, nor made on short notice, Thompson nevertheless contends that he is entitled to be paid these premiums as "backpay."
 
 
 3
 The claim on which Thompson now seeks recovery is based on action the Postal Service took in response to a prior complaint Thompson had filed with the EEOC. In the prior complaint, Thompson alleged that he had been denied a promotion to a supervisor's position on the basis of race discrimination. This prior complaint never proceeded to a final determination by the complaints examiner, but was settled by the parties. As part of the settlement agreement, Thompson was promoted to a supervisor's position at the Greensboro Bulk Mail Center, the result which Thompson sought. However, the schedule to which Thompson was subsequently assigned in his new position was one which he found unfavorable because he was not given at least one weekend day as a day off. At first, Thompson worked Tour III, which is a night shift. During this time, Thompson was paid a ten percent premium for his night work and a twenty-five percent premium when he worked on Sundays. Subsequently, Thompson accepted a reassignment to a day shift, Tour II. Although Thompson preferred the night shift, he could not get a night shift with a weekend day off, thus he was required to work every night on the weekends. He accepted the assignment to the day shift so that he could free up his weekend nights.
 
 
 4
 After working in his new supervisor's position for approximately two months, Thompson filed with an EEOC complaints examiner another complaint, the one which is the subject of the instant case. Thompson alleged that the Postal Service had assigned to him a work schedule less favorable than was assigned other supervisors, and that the schedule assignment was the product of race discrimination and reprisal for Thompson's filing of the prior complaint that led to his assignment to a supervisor's position.[1] Thompson demanded both equitable and monetary relief. First, Thompson asked in his complaint that he be allowed the option of working a night schedule with at least one weekend day as a day off. Second, Thompson asserted that he was entitled to "backpay" because he was prevented from working a schedule to which he believed he was entitled. Under Thompson's argument, because he was not assigned to the schedule to which he was entitled, a schedule including at least one weekend day off, he should be compensated. The Postal Regulations provide that an employee who is forced to work a schedule other than his regular schedule can receive a payment of a premium.[2]
 
 
 5
 After reviewing the evidence, the complaints examiner determined that the Postal Service had discriminated against Thompson in reprisal for his filing of the prior complaint, but found no race discrimination. Explaining the discriminatory acts of the Postal Service, the complaints examiner stated, "The evidence adduced at hearing shows that Complainant was the only employee who expressed a desire for at least one weekend day off and was never provided the opportunity to have such an off day." As a remedy, the complaints examiner recommended granting Thompson's request to be assigned at least one weekend day off, but suggested denying Thompson's claim for monetary relief. The Postal Service adopted the recommendations of the complaints examiner.
 
 
 6
 Thompson appealed the decision of the complaints examiner to the EEOC's Office of Review and Appeals solely on the issue of monetary relief. The ORA found "no evidence in the record that appellant suffered any financial loss as a result of the reprisal" and denied Thompson's claim. Thompson then filed with the ORA a request to reopen and for reconsideration. 29 C.F.R. § 1613.235(b). In this request, Thompson alleged that he had new evidence showing that he was entitled to "out of schedule pay."[3] The ORA denied Thompson's request. Although Thompson characterized his request as one for "backpay," the ORA found that an award of the rescheduling premium would be an award of damages. Recovery of either punitive or compensatory damages is not allowed in an action brought under Title VII, as Title VII is limited to providing "make whole" relief, that which will put the aggrieved employee in as good a position as he would have been in absent the discrimination. However, Thompson had asked for payment of a premium to which he was not entitled. As the Postal Service asserted, a "nonbargaining rescheduling premium" is to be paid for schedule changes, but only in cases where the new schedule is temporary and the employee receives less than seven days' notice of the schedule change. Because Thompson's schedule change was permanent and made with the requisite notice, Thompson would not ordinarily qualify for the premium. In the face of this argument, the ORA concluded that an award of money in the amount of the premium would put Thompson in a better position than he would have been in absent discrimination, a recovery clearly not allowed in a Title VII action. Thus, the ORA denied Thompson's claim.
 
 
 7
 Thereafter, Thompson commenced this action in district court, seeking again to recover on his claim for monetary relief. In his complaint, Thompson not only sought payment of a premium for his improper schedule assignment, but also listed a number of other claims for monetary relief. These specific claims had never been raised until Thompson filed this action in federal court. Reviewing Thompson's claims, the district court agreed with the decision by the ORA that the recovery sought by Thompson amounted to a request for damages and, as such, was not allowed in a Title VII action. On the other claims, the district court concluded that Thompson had failed to exhaust his administrative remedies and, for that reason, could not seek judicial relief on those claims. Thus, the court granted summary judgment against Thompson.
 
 II.
 
 8
 It is well established in this Circuit that, in a Title VII action, claimants "are generally limited monetarily to an award of back pay." Stephens v. South Atlantic Canners, Inc., 848 F.2d 484, 489 (4th Cir.), cert denied, 488 U.S. 996 (1988) (citing Keller v. Prince George's County, 827 F.2d 952, 955 (4th Cir.1987)). The purpose of Title VII, as recognized by the United States Supreme Court, is to ensure that victims of unlawful employment practices are "restored to a position where they would have been were it not for the unlawful discrimination." Albemarle Paper Co. v. Moody, 422 U.S. 405, 421 (1975).
 
 
 9
 Thompson has been fully paid for every hour he worked. In fact, during the approximately two months that Thompson worked a Tour III schedule, a night shift, Thompson was paid a premium of ten percent for his night work, and a premium of twenty-five percent when he worked on Sundays. To award Thompson any additional sums of money for the improper schedule assignment would clearly be to grant him an award of either compensatory or punitive damages, which is not allowed in a Title VII action. Even absent discrimination, Thompson would not be entitled to the premium which he now seeks. As a nonbargaining employee, Thompson is not eligible for "out of schedule pay." Thompson also is not eligible for a "nonbargaining rescheduling premium," which is payable for temporary schedule changes made on less than seven days' notice. Thompson's schedule change was permanent and made with sufficient notice. Thus, to award Thompson a premium for the improper schedule would put him in a better position than he would have been in absent discrimination. We find no error in the district court's denial of monetary recovery.
 
 III.
 
 10
 Thompson has raised numerous claims, in addition to his claim for a rescheduling premium, most of which he admitted in his deposition he had not pursued before the EEOC. The law is clear that plaintiffs in Title VII actions must exhaust their administrative remedies before pursuing judicial relief. Brown v. General Services Administration, 425 U.S. 820, 832 (1976); Woodard v. Lehman, 717 F.2d 909, 914 (4th Cir.1983). Thompson points to no evidence in the record that any of his additional claims have yet been pursued before the EEOC and, indeed, we find no such evidence in our own examination of the record. Until Thompson has exhausted his administrative remedies, a federal court cannot hear these claims.
 
 IV.
 
 11
 We find no error in the district court's conclusions. Accordingly, the judgment of the district court is
 
 
 12
 AFFIRMED.
 
 
 13
 JAMES B. McMILLAN, Senior District Judge, dissenting:
 
 
 14
 With all respect, I dissent.
 
 
 15
 The District Court's grant of summary judgment for the defendant United States Postal Service should be reversed.
 
 
 16
 The plaintiff, Rufus Thompson, made a credible prima facie showing of economic loss as a result of unlawful discrimination by the defendant United States Postal Service. The evidence will fully support findings that Thompson was, as a reprisal for filing an EEOC complaint, denied the days off he requested on the Tour III night shift. Because of this denial, Thompson, for valid reasons, took a Tour II daytime shift, which resulted in the loss of overtime to which he was entitled on the Tour III shift.
 
 
 17
 Two other supervisors, both white and having less seniority, were later given the schedule that had been denied Thompson.
 
 
 18
 Assuming the truth of this evidence, which the court must do when ruling on a summary judgment motion, the evidence will clearly support findings in Thompson's favor.
 
 
 19
 Title VII of the Civil Rights Act of 1964 requires the court to provide a "make whole" relief when discrimination has been found. The Supreme Court has held that backpay is an integral part of the Title VII scheme. "[G]iven a finding of unlawful discrimination, backpay should be denied only for reasons which, if applied generally, would not frustrate the central statutory purposes of eradicating discrimination throughout the economy and making persons whole for injuries suffered through past discrimination." Albemarle Paper Co. v. Moody, 522 U.S. 405, 421 (1975).
 
 
 20
 In addition, "[b]ecause of the compensatory nature of a back pay [sic] award and because of the 'rightful place' theory, adopted by the courts, and of the strong congressional policy, embodied in Title VII, for remedying employment discrimination, the scope of a court's discretion to deny back pay [sic] is narrow." Pettway v. American Cast Iron Pipe Co., 494 F.2d 211, 252 (5th Cir.1974), cert. denied, 439 U.S. 1115 (1979) (citations omitted). When a court has determined that a plaintiff has sustained economic loss from a discriminatory employment practice, backpay should normally be awarded. Id. at 252-253. To avoid summary judgment against him, plaintiff Rufus Thompson need show only prima facie entitlement, which he has done.
 
 
 21
 In view of the above, the order of summary judgment should be reversed, and this case should be remanded to the district court for further appropriate proceedings.
 
 
 
 [1]
 Thompson, a male, also initially alleged sex discrimination, but subsequently dropped that allegation
 
 
 [2]
 There are two such premiums, one called "out of schedule pay," and the other, a "nonbargaining rescheduling premium." However, "out of schedule pay" is available only to employees entitled to participate in collective bargaining. As a supervisor, Thompson clearly does not qualify for such a premium. It appears that Thompson has abandoned any claim for out of schedule pay on this appeal as his brief refers only to the rescheduling premium
 
 
 [3]
 Thompson's "new evidence" purportedly demonstrated that Thompson was entitled to "out of schedule pay." Apparently, the ORA accepted the argument of the Postal Service that the documents Thompson offered were irrelevant because they concerned "only the contractual rights of bargaining unit employees" and Thompson, as a supervisor, was not such an employee